# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 06-764V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NATALIA GLASER, *parent of* M.G., *a minor*, | Special Master Corcoran |
| Petitioner, | Filed: December 21, 2016 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul S. Dannenberg*, Law Offices of Paul S. Dannenberg, Huntington, VT, for Petitioner.

*Glenn A. MacLeod*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING SUPPLEMENTAL REQUEST
### FOR ATTORNEY'S FEES AND COSTS[1]

On November 13, 2006, Natalia Glaser filed a petition on behalf of her son, M.G., seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that M.G. experienced an encephalopathy and other neurological injuries as a result of the Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine that he received on or about December

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1, 2003. *Id.* After the case languished for many years, the parties eventually reached an informal settlement, and requested a "15-Week" Order to finalize their settlement, which I issued on March 27, 2015. ECF No. 100. The parties then filed their stipulation for an award on July 27, 2015 (ECF No. 102), which I adopted as my decision awarding damages on the same day. ECF No. 103. Judgment was entered on August 13, 2015 (ECF No. 106) ("Judgment").

On February 3, 2016 – a little less than six months from the Judgment – Petitioner moved for an award of final attorney's fees and costs, requesting a total amount of $208,307.39. ECF No. 109. On June 6, 2016, I issued my first fees decision granting in part the request and awarding a total of $165,254.95. ECF No. 114. As my decision sets forth, I cut back fees somewhat in reaction to counsel's dilatoriness in prosecuting this action over its 10-year lifespan. *Glaser v. Sec'y of Health & Human Servs.*, No. 06-764V, 2016 WL 4491493 (Fed. Cl. Spec. Mstr. June 6, 2016), *vacated in part*, 2016 WL 4483022 (Fed Cl. Spec. Mstr. June 29, 2016).

Thereafter, on June 27, 2016, Petitioner filed a motion for reconsideration of my fees decision. ECF No. 115. Petitioner raised two issues: her expert's fees should not have been reduced, and a calculation error resulted in Petitioner receiving a <u>greater</u> award than what she should have received. *Id.* at 1-2. Petitioner did not otherwise question my reasoning in reducing fees in this case, however. Therefore, on June 29, 2016, I granted Petitioner's motion for reconsideration, vacating the old decision in favor of a new one correcting the amount awarded. ECF No. 116. Petitioner did not file a subsequent motion for reconsideration or motion for review of this final decision, and the clerk of the Court entered an amended fees judgment on August 1, 2016. ECF No. 117.

Petitioner has now filed a second motion for a "final" award of attorney's fees and costs, dated November 30, 2016. ECF No. 120 ("Second Fees App.") Petitioner requests reimbursement of attorney's fees and costs incurred this year after filing the original fees request in February, totaling $5,576.80 (representing attorney's fees in the amount of $5,569.20, plus costs in the amount of $7.60). Fees App. at 2-3. On December 19, 2016, Respondent reacted to Petitioner's motion. ECF No. 121. Respondent stated that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. She added that the determination of an award is within the special master's discretion, and requested that I exercise said discretion in determining an appropriate award of fees and costs here. *Id.*

**Analysis**

Under Vaccine Rule 13, any request for attorneys' fees and costs must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings. Vaccine Rule 13. Here, the clerk of the Court entered Judgment on August 13, 2015. ECF No. 106. Thus,

the final motion for attorney's fees should have been filed on or before February 9, 2016. And in fact, Petitioner's first motion for fees was filed in a timely manner (on February 3, 2016). ECF No. 109. This second request, by contrast, was not filed until November 30, 2016 – significantly past Rule 13's deadline by which to file any fees request.

Petitioner's new request is dilatory in other respects as well. She could have also asked for these fees within her motion for reconsideration, given that the majority of the hours included in the second fees application reflect tasks performed between February and June 2016, before I issued my fees decision. I would have included such a request in making my final determination on an appropriate fees award. But Petitioner did not file a motion for reconsideration of my final fees decision within 21 days, as provided under Vaccine Rule 10(e)(1), and has now further delayed the case by an additional four months with a technically untimely fees request.

Nevertheless, a number of decisions from other special masters have awarded fees and costs, even for an untimely filed fees application. *See, e.g., Farrar v. Sec'y of Health & Human Servs.*, No. 12-028V, 2014 WL 643456, at *2 (Fed. Cl. Spec. Mstr. Jan. 28, 2014); *Gabbard v. Sec'y of Health & Human Servs.*, No. 99-451V, 2009 WL 1456434, at *2 (Fed. Cl. Spec. Mstr. Apr. 30, 2009). These decisions take the approach of placing the attorney on notice that any future late fees applications will be denied. As this is Mr. Dannenberg's first late application for attorney's fees before me, and as he likely will request no further fees in this case, I find this reasoning persuasive and will apply it here.

Petitioner's overall requested amount of fees and costs is not unreasonable, and Respondent does not object to the amount. Further, Petitioner was successful on her motion for reconsideration of my original fees decision. Therefore, the work performed on this matter was warranted, and Petitioner will be awarded the requested fees and costs.[3]

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of $5,576.80 as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Paul S. Dannenberg, Esq., representing $5,569.20 in attorney's fees and $7.60 in costs.

---

[3] In the future, however, any similarly dilatory application for attorney's fees and costs from Mr. Dannenberg will not be tolerated and will be denied.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran  
Brian H. Corcoran  
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.